**URBAN BOX OFFICE NETWORK, INC., Plaintiff,**

v.

**INTERFASE MANAGERS, L.P., et al., Defendants.**

**No. 01CIV8854 LTS THK.**

United States District Court, S.D. New York.

Sept. 27, 2004.

Jonathan S. Abady, Jonathan P. Wolfert, Kaplan, Thomashower & Landau, L.L.P., Mariann Meier Wang, Emery Celli Brincker-hoff & Abady, LLP, New York, NY, for Plaintiff.

Frank J. Franzino, Jr., Meier Franzino & Scher, LLP, Steven K. Meier, Shatz, Meier, Franzino & Scher, L.L.P., New York, NY, Eric J. Taube, Hohmann & Taube, L.L.P., Duffy Doyle Crane, Mark T. Mitchell, Clark, Thomas & Winters, Austin, TX, Thomas Edward Engel, Engel & McCarney, New York, NY, for Defendants.

## MEMORANDUM OPINION AND ORDER

KATZ, United States Magistrate Judge.

This breach of contract action was referred to this Court for general pretrial supervision, by the Hon. Laura T. Swain, United States District Judge. Presently before the Court is a letter-application by Plaintiff, Urban Box

Office Network, Inc., to amend the Complaint to add three additional defendants—Full Cry Partners, LP; Full Cry Management, LC; and Interfase Capital Managers, LP—who are alleged to be associated with Defendant Scott Hyten ("Hyten"), and three additional causes of action for breach of warranty, negligent misrepresentation, and promissory estoppel. Defendants oppose the application, arguing that it is untimely, because it comes months after the agreed upon deadline for amendments of the pleadings, and prejudicial, because it would require substantial additional discovery and expense to the parties. (*See* Letter from Duffy Doyle Keever, Esq., dated Sept. 13, 2004 ("Keever Ltr.").) For the reasons that follow, the application is granted.

## DISCUSSION

### I. *Leave to Amend*

▇ Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend should be granted unless there is "an apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir.2000) (noting that leave to amend is "discretionary" and should be "freely given"); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

Defendants contend that Plaintiff has unduly delayed amending the Complaint because (1) this litigation has been pending for more than three years, (2) approximately five months have passed since the agreed upon deadline of March 1, 2004 for filing amendments,[1] and (3) all relevant facts contained in the proposed amendment had long ago been disclosed in documentary discovery. In addition, Defendants assert, it is Plaintiff who has consistently argued that the litigation deadlines should not be extended.

Defendants further argue that they would be prejudiced by an amendment of the Complaint at this time because (1) the discovery deadline is October 15, 2004, only a few weeks away, (2) the proposed amendment "would dramatically change the nature and the scope of the litigation" (Keever Ltr. at 3), and (3) there has already been significant discovery, and substantial additional discovery will be required, with a corresponding expenditure of resources. (*See id.* at 3–4).

▇ It is well established that, as a general matter, mere delay does not provide a basis to deny leave to amend. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir.2000); *Block*, 988 F.2d at 350; *Litton Indus. v. Lehman Bros., Kuhn Loeb*, 734 F.Supp. 1071, 1078 (S.D.N.Y.1990) (granting motion to amend that was submitted over three years after filing of the complaint, since the plaintiff set forth "colorable grounds" for amendment and defendant would not have been unduly prejudiced). However, "[a] district court plainly has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir.1998) (internal quotation marks omitted); *see also State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981) ("Mere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."); *Rotter v. Leahy*, 93 F.Supp.2d 487, 499 (S.D.N.Y.2000) (holding that in order to successfully oppose a motion to amend based upon undue delay, the moving party "must

---

1. The last Scheduling Order of the Court set the deadline for amendment of the pleadings and addition of parties for January 9, 2004. (*See* Order, dated Oct. 20, 2003.) The parties then agreed upon a schedule for the remainder of the case, and the Court endorsed extending the deadline for amendments of the pleadings to March 1, 2004.

make a showing of substantial and undue prejudice resulting from the delay").

■ Moreover, as Defendants aptly note, where, as here, there is a scheduling order in place and the deadline for amendments to the pleadings has passed, "a district court does not abuse its discretion in denying leave to amend the pleadings ... where the moving party has failed to establish good cause." *Parker*, 204 F.3d at 340. "'[G]ood cause' depends on the diligence of the moving party." *Id.*

■ In determining what constitutes undue prejudice, courts "generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir.2000) (internal quotation marks omitted); *see also Kreinik v. Showbran Photo, Inc.*, No. 02 Civ. 1172(RMB)(DF), 2003 WL 22339268, at *10 (S.D.N.Y. Oct. 14, 2003).

■ In this action, Plaintiff contends that the proposed new claims are "founded on predicate facts—with only the addition of particular details uncovered over the course of discovery in recent weeks—that were already alleged in the original complaint, and of which defendants have long had notice." (Letter from Jonathan S. Abady, Esq., dated Sept. 3, 2004, at 1.) More specifically, Plaintiff contends that it "filed its motion to amend the complaint shortly after the testimony of Scott Hyten revealed the additional claims." (Letter from Jonathan S. Abady, dated Sept. 20, 2004, at 5.)

Defendants respond that the "relevant facts, claims and parties contained in the proposed amended complaint had long been disclosed in previous written discovery. Moreover, Plaintiff took the majority of Scott Hyten's deposition on July 8, 2004, during which Mr. Hyten's relationship to the additional parties was fully disclosed." (Keever Ltr. at 2.)

Although the proposed amendment comes late in this action, and after the agreed upon deadline, the Court does not view Plaintiff's conduct as intentionally dilatory. Moreover, Plaintiff has proffered some cause for its delay. The three-year duration of this litigation, as characterized by Defendants, is somewhat misleading. While this suit was filed more than three years ago, and was referred to this Court by Defendants as a bankruptcy adversary proceeding, Defendants then challenged the Court's subject matter jurisdiction. There was thus a significant period of time, while motions to dismiss were pending and some settlement discussions were occurring, that pretrial activity was at a standstill. Even after the motions to dismiss were denied, only documentary discovery proceeded. On May 4, 2004, this Court held a settlement conference with the parties, at which it was agreed that settlement efforts would take priority. It did not become apparent that those efforts had not been fruitful until a second conference on August 3, 2004.[2] Plaintiff's proposed amendment followed shortly thereafter.[3]

Clearly, Plaintiff could have submitted its proposed amendments somewhat earlier in the litigation, and the Court does not intend to justify Plaintiff's delay. Nevertheless, the delay was not inordinate in the context of this litigation. More importantly, the Court does not perceive great prejudice to Defendants if the proposed amendments are granted.

While the Court recognizes that there may be a need for documentary discovery with respect to the new Defendant entities, the Court does not anticipate that the proposed amendments will require substantial additional documentary discovery since the proposed new claims—promissory estoppel, negligent misrepresentation, and breach of warranty—are premised on essentially the same facts and events which are the basis of the original breach of contract claim. As for

---

**2.** The Court anticipates that there will be further settlement efforts in the near future.

**3.** The Court notes that Defendants recently amended their Answer to assert two affirmative defenses. *See* Memorandum Endorsed Order, dated Sept. 1, 2004 (granting leave to amend). Nevertheless, the docket sheet for this action does not reflect that the Amended Answer has been filed.

depositions, the parties have completed only one, and conducted portions of two others. Moreover, as with the documents, the same facts appear to underlie all of the claims, and therefore there is little likelihood that substantial additional time will be spent at depositions as a result of the amendments. *See Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir.1973) ("While it is true that the motion [to amend] was made five years after the third party complaint had been filed, we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend. Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.") (footnote omitted).

For all of these reasons, Plaintiff's application to file an amended complaint is granted. The amended pleading shall be filed forthwith. If the parties have good reason to believe that the amendments will require an adjustment in the pretrial schedule, they should confer and promptly submit a proposed schedule to the Court.

SO ORDERED.